IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Criminal Action No. 5:09CR9

STEVEN W. SPRINGER,

        Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO SUPPRESS BE DENIED

### I. Introduction

A. Background

Defendant is the only defendant in a two count indictment plus forfeiture allegation charging him with being a drug abuser in possession of a firearm, illegal possession of a N.F.A. firearm and seeking to forfeit any firearms or ammunition involved in said charges.

B. The Motion

Defendant's Motion to Suppress Evidence (Doc. No. 19).

C. Recommendation

I recommend the Motion to Suppress Evidence be denied because the information in the affidavit for the search warrant was not stale.

### II. Facts

On April 9, 2009, Marshall County, West Virginia, Deputy Sheriff, Robert Mager, applied for a search warrant before a Marshall County, West Virginia, Magistrate. After first being sworn, Deputy Mager executed the affidavit. Based on the affidavit, the Magistrate issued the search warrant.

The basis for probable cause in the affidavit is set forth verbatim in Defendant's motion and the actual affidavit is attached to the Motion to Suppress as Defendant's Exhibit 1 (it is attachment B to the search warrant.)

The premises were searched April 9, 2009, and a shotgun, marijuana plant, marijuana on a metal plate, empty pill bottles, and a marijuana pipe were seized.

Subsequently, on September 24, 2008, Deputy Mager and ATF Agent Price went to Defendant's residence and interviewed him.

At the hearing, the Government agreed that Defendant had an expectation of privacy in the premises searched.

Deputy Mager testified that Defendant was being investigated for a long time - even prior to Mager's being a deputy in 2005. Mager first learned of Defendant's drug activity through anonymous tips when he began his assignment to drug investigations in July, 2007. In the summer of 2008, a confidential informant (CI) contacted Detective Allman about drug activity by Defendant and others. The CI gave Detective Allman a list of names of people who were dealing drugs from whom the CI could make controlled buys. The CI was asked if he could make a controlled buy from the Defendant at Defendant's trailer. The CI said yes. The CI made contact to set up a buy from Defendant. On August 1, 2008, Mager and Allman drove the CI to an area a few hundred yards from Defendant's trailer. The CI was not "wearing a wire". This was the first attempt by this CI to make a controlled buy. Deputy Mager found this CI to be reliable because the list of drug dealers originally provided by the CI was accurate based on Mager's knowledge of drug distribution in Marshall County, West Virginia. Defendant was not at his residence and no controlled buy took place. Defendant's girlfriend admitted the CI to the trailer. The CI observed marijuana plants and

2

grow lights in the trailer. Subsequently, on August 27, 2008, Defendant called the CI and apologized for not being at home with the CI stopped by to purchase marijuana and Defendant advised the CI that the Defendant was drying some more marijuana plants. Defendant told the CI defendant would soon have marijuana to sell to him. On August 29, 2008, the CI told Mager that the CI had received the telephone call from Defendant. Mager applied for the search warrant September 9, 2008.

Subsequently, Defendant made incriminating statements to law enforcement officers on September 24, 2008.

### III. The Motion to Suppress

A. Contentions of the Parties

Defendant contends that the delay between the observations of the CI on August 1, 2008 and the application for the search warrant on September 9, 2008 is so long as to render the information upon which the warrant was issued stale. Further, the subsequent statements made by Defendant to law enforcement officers constitute "fruits of the poisonous tree" because the statements flow from the illegal search.

The Government contends the information which formed the basis for the affidavit for the search warrant was not stale and the search warrant was valid. Therefore, the Government contends the subsequent statements of the Defendant are not "fruits of the poisonous tree".

B. Discussion

Time is a critical element of probable cause. A search warrant is only valid if the facts in the affidavit are closely related to the time the warrant is issued. United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984). It is not simply the number of days between the last date

in the affidavit and the date of the search warrant, but rather all the facts and circumstances. Id. At 1336.

Defendant contends the lapse of six weeks between the observation of marijuana and two weeks from the telephone render the information stale for a search warrant issued on September 9, 2008.

The Government cites cases in which there is a lapse of years between the information and issuance of the warrants. Unfortunately, those were child pornography cases which have no applicability here.

The facts in this case establish that it was more likely than not that Defendant was growing and harvesting marijuana. This is an activity that takes place over months rather than days. While it is unlike child pornography, it involves a time period longer than mere distribution of controlled substances. It appears to the Court that based upon the facts in this case that the information provided in the affidavit was not stale and was a proper basis for the search warrant to issue. Therefore, the subsequent statements were not fruits of the poisonous tree.

IV. Recommendation

I recommend the Motion to Suppress be **DENIED** because the information provided in the affidavit was not stale.

Because trial is set for April 21, 2009, any party who appears pro se and any counsel of record, as applicable, may, by **April 13, 2009**, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set

4

forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 7, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE