`                IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:09CR9
                                                           (STAMP)
STEVEN W. SPRINGER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN ITS ENTIRETY THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION THAT
THE DEFENDANT'S MOTION TO SUPPRESS BE DENIED**

I. Background

Currently pending before the Court and ripe for review are the defendant's motion to suppress evidence and the report and recommendation of the magistrate judge that the motion to suppress be denied. For the reasons that follow, the magistrate judge's report and recommendation will be affirmed and adopted in its entirety and the defendant's motion to suppress will be denied.

II. Facts and Procedural History

In July 2007, Marshall County West Virginia Sheriff's Office Detective Roger Mager ("Mager") received anonymous tips concerning drug activity by the defendant. Sometime during the summer of 2008, a confidential informant ("CI") contacted Mager's partner, Detective Zack Allman ("Allman"), about drug activity of the defendant and others. The CI provided Allman with a list of individuals known to the CI to be drug dealers from whom the CI could make controlled drug purchases. The defendant's name was on

that list, as were the names of other individuals whom Mager and Allman knew to be drug dealers in Marshall County.

The CI agreed to make a controlled buy from the defendant at the trailer where the defendant resided. The CI contacted the defendant to arrange a controlled buy of marijuana and cocaine. On or about August 1, 2008, the CI, under the direction and coordination of Mager and Allman, went to the defendant's trailer to make the transaction. The CI did not wear a wire. The defendant was not at home, but the CI entered the trailer with the permission of the defendant's girlfriend. Although no controlled buy occurred, the CI observed approximately fifteen marijuana plants, one of which reached almost four feet in height. The CI also observed grow lights in the defendant's bedroom. The CI reported these observations to Mager and Allman. No search warrant was sought at that time.

On August 27, 2008, the defendant called the CI. In that conversation, which the CI reported to Mager on August 29, 2008, the defendant apologized to the CI for not being at home when the CI came to the defendant's trailer to make the drug transaction. According to the CI, the defendant also stated that he was drying more marijuana plants at his trailer and would soon have some marijuana to sell to the CI.

Relying in part upon the CI's information, obtained both from the visit to the defendant's trailer to make the controlled buy and from the telephone call from the defendant to the CI, Mager applied

for and obtained a search warrant for the defendant's residence, described as "[t]he residence of Steven Wayne Springer located in Marshall County at RD 2 Bx 158M Proctor West Virginia 26055, a pale yellow in color older model trailer with a small front porch that faces toward Taylors Ridge." (Def.'s Mot. to Suppress, Ex. 1 at 3, ¶ 3.) The complaint section of the search warrant alleged that the defendant was involved in the manufacture of a controlled substance, namely marijuana. In the affidavit setting forth probable cause supporting the search and seizure, Mager attested to the observations relayed to him and Allman by the CI after her visit to the defendant's trailer, and he attested to the August 29, 2008 conversation he had with the CI in which the CI described the telephone conversation between the CI and the defendant on August 27, 2008. Mager further attested that, based upon his professional experience in law enforcement, he was aware that, among other things, "persons who are involved in illegal drug activities frequently possess or use firearms and ammunition to protect their drug business and to threaten and intimidate witnesses." (Def.'s Mot. to Suppress, Attach. B at ¶ 6h.)

The search warrant was executed on the same date it was obtained, September 9, 2008. Officers found and seized a marijuana plant located on the back porch of the trailer, 1.9 grams of harvested marijuana on a plate near the microwave oven, a marijuana pipe, empty prescription pill bottles, and a loaded sawed-off shotgun. Thereafter, on September 24, 2008, during an interview

with law enforcement officials, the defendant made inculpatory statements.

The defendant was thereafter indicted on one count of being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and on one count of illegal possession of an unregistered firearm, in violation of 18 U.S.C. §§ 5861(d) and 5871.  Specifically, Count One of the indictment alleges that on or about September 9, 2008, the defendant was an unlawful user of, and was addicted to, marijuana, a controlled substance as defined in section 102 of the Controlled Substance Act, 18 U.S.C. § 802, and that he knowingly possessed, in and affecting interstate commerce, a firearm identified as a "sawed-off" Mossberg, model Revelation 310C, .20 gauge-shotgun.  Count Two alleges that on or about September 9, 2008, the defendant knowingly possessed a firearm, identified as the same firearm described in Count One, which was not registered to the defendant in National Firearms Registration and Transfer Record.

The defendant filed a motion to suppress the evidence obtained from the execution of the search warrant and to suppress his subsequent inculpatory statements.  The defendant argues that the search warrant was based upon stale probable cause and therefore, was invalid.  Consequently, the defendant contends, the evidence seized is not admissible against him.  The defendant also argues that because his self-incriminating statements flowed from the illegal search, they are likewise inadmissible as "fruits of the

poisonous tree." The United States filed a response in opposition. The United States argues that the search warrant was valid because the information forming the basis for probable cause was not stale. Therefore, in the United States' view, the seized evidence and the defendant's inculpatory statements are admissible.

This matter was referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b). Magistrate Judge Seibert entered a report and recommendation recommending denial of the defendant's motion to suppress evidence. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The defendant timely filed objections, and the United States filed a response to the defendant's objections.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, the defendant filed timely objections to the magistrate judge's report recommending denial of the defendant's motion to suppress evidence. Accordingly, this Court reviews these matters de novo.

IV. Discussion

Based upon a de novo review of the matters before it, this Court concludes that the issuance of the search warrant at issue in this action was based upon fresh probable cause and, therefore, the defendant's motion to suppress must be denied. Under the search and seizure protections afforded by the Fourth Amendment to the United States Constitution, issuance of a search warrant requires probable cause supported by oath or affirmation. See U.S. Const., amend. IV, cl. 2. Timeliness is a critical component of probable cause. See United States v. McCall, 740 F.2d 1331, 1336 (4th Cir. 1984) ("A valid search warrant may issue only upon allegations of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.'") (quoting Sgro v. United States, 287 U.S. 206, 210-11 (1932)). Consequently, where probable cause is lacking because the supporting information upon which the warrant is issued is "stale," evidence seized pursuant to that warrant may not be admitted in a criminal trial to establish the defendant's guilt. Id.

The issue of staleness generally arises under two different sets of circumstances. The first is where the search warrant alleges facts that occurred sufficiently close in time to the submission of the application for a search warrant to establish probable cause at the time the warrant was issued, but a delay by

the government in executing the search warrant has potentially rendered the previously "fresh" information too old to constitute "present" probable cause. See McCall, 740 F.2d at 1336. The second is where the information upon which the search warrant rests is "arguably too old to furnish 'present' probable cause." See id.

The critical question in a case that, like this one, presents the second set of circumstances is "whether information sufficient to constitute probable cause was ever presented." Id. To determine the staleness of probable cause in this second context, a reviewing court must consider all of the facts and surrounding circumstances of the case, not simply mechanically count the number of days that have elapsed between the occurrence of the facts supplied and the issuance of the affidavit. Id. In particular, a reviewing court must consider "the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." Id.

Generally, longer lapses of time will be permitted when the search warrant seeks evidence of an ongoing criminal business that is necessarily of an extended nature, such as marijuana growing, as long as the information supporting the issuance of the warrant shows the probable existence of the activity at an earlier time. See McCall, 740 F.2d at 1336 (observing that lengthy gaps between the observance of evidence at a particular location and the issuance of a search warrant are more likely to be permitted where the evidence sought is of an ongoing operation and citing United

7

States v. Minis, 666 F.2d 134 (5th Cir. 1982), as example of a case permitting a significant gap because of "the ongoing nature of a marijuana-cultivating operation"). See also United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991)(two-year old information not stale because evidence sought was of necessarily long-term activity of marijuana growing); United States v. Myers, 106 F.3d 936 (10th Cir. 1997) (five-month gap in police information concerning marijuana growing operation not fatal because of ongoing and continuous nature of such activity); United States v. McKeever, 5 F.3d 863 (5th Cir. 1993) (twenty-one-month old information regarding indoor marijuana growing not stale).

Here, the defendant argues that the search warrant was not based upon probable cause because the information supplied in the search warrant was stale and therefore failed to provide a basis to believe that evidence of drug dealing would be found at the defendant's residence at the time the warrant was executed. The defendant contends that the affidavit supplying probable cause was stale because the information upon which it was based was several weeks old. Specifically, at the time the warrant was issued, the CI's information about the presence of approximately fifteen marijuana plants and grow lights in the defendant's trailer was approximately six weeks old, and the CI's information about the telephone call from the defendant in which the defendant allegedly informed the CI that more marijuana would be available for sale soon was approximately two weeks old.

According to the defendant, the nature of the alleged activity, the length of the activity, and the nature of the property to be seized support his assertion that the search warrant was based upon stale probable cause. The defendant argues that the nature of the alleged activity is "drug dealing," that nothing in the affidavit indicates the length of time the defendant was involved in the alleged illegal activity, and that the search turned up no evidence typically indicative of drug dealing. In the defendant's view, the nature of the property seized--a marijuana plant, 1.9 grams of harvested marijuana, a marijuana pipe, and a sawed-off shotgun--and the absence in the affidavit of any allegations concerning the duration of the illegal activity render the information contained in the affidavit stale. This Court disagrees.

First, the nature of the unlawful activity alleged in the search warrant includes not only "drug dealing," as broadly characterized by the defendant (see Df.'s Mot. to Suppress at 4), but also "manufacture of a controlled substance to wit Marijuana" (see Df.'s Mot. to Suppress, Ex. 1 at 6), that is, marijuana cultivation. The affidavit alleges that on August 1, 2008, when the CI visited the defendant's trailer to make a controlled buy of marijuana and cocaine, the CI observed approximately fifteen marijuana plants, one of which had grown to approximately four feet, and grow lights. The affidavit further alleges that on August 27, 2008, some three weeks later, the defendant told the CI

9

in a telephone conversation that he "still [had] everything out here at the trailer," that he was "drying out one of the plants," and that he would "have everything ready" for the CI "later." The search warrant was applied for, obtained, and executed approximately two weeks later, on September 9, 2008. At the hearing before the magistrate judge on the defendant's motion to suppress, Mager testified that the defendant had been suspected of growing marijuana for several years--as far back as the late 1990s or early 2000s. In light of the allegations in the affidavit and the testimony of Mager at the suppression hearing, this Court agrees with the magistrate judge's finding that the facts and circumstances of this case establish that the information upon which the search warrant was issued concerning the defendant's marijuana growing operation was not stale because marijuana cultivation is an activity of a necessarily long-term nature and a lapse of six weeks between the time the CI observed the marijuana plants and the grow light in the defendant's trailer and the issuance of the search warrant does not render that information stale for purposes of establishing probable cause, particularly when information concerning the marijuana growing operation was refreshed by the telephone call from the defendant to the CI two weeks before the warrant was issued.

Second, the nature of the property to be seized supports a finding of probable cause. The property sought by the search warrant included, as the defendant correctly states, a

10

comprehensive list of items that are typically involved in drug dealing. Among the items identified in the warrant, marijuana is specifically listed. Also listed are any items used to manufacture controlled substances. Such items, in the context of a marijuana growing operation, would include grow lights like those the CI alleges to have seen in the defendant's trailer on August 1, 2008.

In his objections to the magistrate judge's report and recommendation, the defendant contends that the magistrate judge erred by finding that the information supporting the affidavit was not stale because the evidence actually seized is vastly less than what the officers sought to seize, and because the evidence seized does not provide evidence of a grow operation on the defendant's property. No grow light, or any other evidence of an internal greenhouse used for growing marijuana, or any evidence indicating other drug dealing activity, such as plastic baggies, digital scales, cutting agents, or large amounts of cash, was found at the defendant's residence when the search warrant was executed. Rather, as mentioned above, the property seized included a marijuana plant, a marijuana smoking pipe, 1.9 grams of marijuana, empty prescription pill bottles, and a sawed-off shotgun.

In the defendant's view, the discrepancy between what was sought and what was seized demonstrates that the information supporting the affidavit was stale, and the search warrant lacked probable cause. This contention lacks merit. The pertinent inquiry is not, as the defendant suggests, whether the items sought

11

to be seized must in fact be seized to establish probable cause at the time the search warrant is executed. Rather, the question is whether "the facts alleged in the warrant furnish probable cause to believe, at the time the search was actually conducted, that evidence of criminal activity was located at the premises searched." McCall, 740 F.2d at 1336. The search warrant in this action sought items related to drug dealing and marijuana cultivation. The information used to obtain the warrant identified marijuana plants and grow lights as being present in the defendant's residence and indicated that at a later time the defendant was drying marijuana plants and preparing harvested marijuana for sale. This Court finds that the information supplied by the CI on August 1, 2008 and refreshed on August 27, 2008 was not stale when used to obtain a search warrant by law enforcement official on September 9, 2008 and that, therefore, "present" probable cause existed to support the issuance of the search warrant.

Because this Court finds that the search warrant was issued on probable cause, the defendant's subsequent inculpatory statements to law enforcement official are not subject to suppression as the fruits of an earlier illegal search. See United States v. Brown, 401 F.3d 588, 592 (4th Cir. 2005) ("Evidence gathered as fruit of an unreasonable search or seizure is generally inadmissible against a defendant.") (citing Taylor v. Alabama, 457 U.S. 687, 694 (1982)).

For the foregoing reasons, this Court agrees with the magistrate judge's conclusion that the search warrant was not based upon stale information. Accordingly, the magistrate judge's report and recommendation that this Court deny the defendant's motion to suppress will be affirmed and adopted in its entirety, and the defendant's motion to suppress will be denied.

## V. Conclusion

After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections thereto lack merit. Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety and DENIES the defendant's motion to suppress.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: April 20, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE